# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al | 15-cv-9903 (GBD) ECF Case |
|---|---|

## MOTION FOR ENTRY OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF *BURNETT* PLAINTIFFS IDENTIFED AT EXHIBIT A (BURNETT II)

For the reasons set forth below and in the accompanying declaration of Robert T. Haefele ("Haefele Declaration"), the Plaintiffs identified in Exhibit A[1] to the Haefele Declaration, by and through their counsel, Motley Rice LLC, respectfully move this Court for an Order awarding them (1) solatium damages for the losses they suffered as the immediate family members (spouses, parents, children, and siblings) of their decedents (as indicated in Exhibit A) in the same per plaintiff amounts previously awarded by this Court to various similarly situated plaintiffs in the *Havlish,*[2] *Ashton,*[3] *Bauer*[4] and other cases, (2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; and (3) permission for the *Burnett* plaintiffs identified in Exhibit A to seek punitive damages and economic and other damages at a later date, and for all other *Burnett* Plaintiffs not appearing on Exhibit A to submit applications for damages awards in later stages.

On December 1, 2016, all plaintiffs in the action *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.*, Dkt. No. 15-cv-9903 (GBD), moved for judgment as to liability only.  ECF Nos. 65, 66, amended on December 6, 2016, ECF Nos. 68, 69.  The plaintiffs that are party to this application, as identified in Exhibit A, are a subset of the plaintiffs in that application for default

---

[1] The references throughout this document to "Exhibit A" are to Exhibit A to the Haefele Declaration.

[2] *Havlish, et al. v. Bin Laden, et al.*, Case No. 03-CV-09848, 03-MDL-1570 (GBD)(FM) at ECF No. 2623.

[3] *Ashton, et al. v. a; Qaeda Islamic Army*, 02-cv-6977, 03-MDL-1570 (GBD)(FM), at ECF No. 3300

[4] *Bauer, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(FM), at ECF No. 3399.

judgment as to liability only and rely on that submission, as well, for their request for default judgment as to the solatium damages. The plaintiffs identified in Exhibit A now request entry of partial final default judgment as to their claims for solatium damages in the amounts indicated in Exhibit A.

### I.      Procedural Background

#### a.      Related Cases

Relying on evidence and arguments[5] submitted by plaintiffs in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570, the consolidated multidistrict litigation arising out of the September 11, 2001 terror attacks, this Court on December 22, 2011, and again on August 31, 2015, granted Orders of Judgment on Liability in favor of the *Havlish, Ashton, O'Neill, Federal Insurance,* and *Hoglan* groups of plaintiffs against The Islamic Republic of Iran ("Iran") and in some cases against, among others, the Islamic Revolutionary Guard Corps ("IRGC"), and the Central Bank of the Islamic Republic of Iran ("the Central Bank") (collectively, the Iran Defendants) (*See* 03-md-1570 ECF Nos. 2516, 3014, 3016, 3020, 3020-23). After granting the *Havlish* Order of Default Judgment on Liability, this Court considered the issue of damages suffered by the *Havlish* plaintiffs and their decedents. Upon the submissions of the *Havlish* plaintiffs, on October 3, 2012, this Court found, among other things, that "Plaintiffs may recover for[, inter alia,] solatium . . . in an action under Section 1605A. 28 U.S.C. § 1605A(c)(4). In such an action, . . . family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." 03-md-1570 ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010). This Court also found that the following solatium awards for family members are appropriate, as an

---

[5] In each of the Orders of Judgment regarding plaintiffs in the *In re Terrorist Attacks on September 11,* 2001 multidistrict litigation, the Court premised its determination '[u]pon consideration of the evidence submitted by the Plaintiffs in filings with this Court on May 19, 2011, July 13, 2011, and August 19, 2011, and the evidence presented at the December 15, 2011, hearing on liability, together with the entire record in this case." ECF Nos. 2516, 3014, 3016, 3020-22; *see also* ECF No. 3023 (substantially similar language).

upward departure from the framework in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229

(D.D.C. 2006)

| Relationship of Decedent | Solatium Award |
|--------------------------|----------------|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

03-md-1570, ECF No. 2623 at 4.  The Court has applied the same solatium values to claims of

solatium plaintiffs in other cases coordinated in the *In re Terrorist Attack on September 11, 2001*

multidistrict litigation.  *See, e.g.,* 03-md-1570, ECF Nos. 3175, at 2, 3300, at 1; 3363, at 16.

     In that same decision in *Havlish,* this Court also found that Plaintiffs are entitled to punitive

damages under the FSIA in an amount of 3.44 multiplied by their compensatory damages award.

The Court has applied that 3.44 multiplier also to judgments in the *Ashton* case.  *See* 03-md-1570,

ECF No. 3175, at 3 (Magistrate Judge Maas Report and Recommendation to apply 3.44 punitive

multiplier); 03-md-1570, ECF No. 3175 (Judge Daniels adopting in its entirety Judge Maas's Report

and Recommendation to apply 3.44 multiplier) at 1.  However, in *Hoglan*, another case in the *In re*

*Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended

that the plaintiffs' request for punitive damages be denied without prejudice.  03-md-1570, ECF No.

3363, at 28.  Judge Daniels adopted Judge Netburn's Report in its entirety.  03-md-1570, ECF No.

3384, at 6.

     In the *Havlish* decision, this Court also found that prejudgment interest was warranted for

the Plaintiffs' solatium damages.  03-md-1570, ECF No. 2623 at 5.  In *Havlish*, plaintiffs sought

application of a 4.96% interest rate, which the magistrate judge recommended (03-md-1570, ECF

No. 2619 at 13-14) and Judge Daniels adopted (03-md-1570, ECF No. 2623 at 5).  In *Ashton*,

plaintiffs sought, and the magistrate judge recommended, application of a statutory nine percent

simple interest rate for prejudgment interest.  03-md-1570, ECF Nos. 3175, at 7-8.  Judge Daniels adopted the magistrate judge's report and recommendation and has applied the nine percent interest rate in multiple instances in the *Ashton* and *Bauer* matters.  *See* 03-md-1570, ECF No. 3229, at 2; ECF No. 3300, at 1; 03-md-1570, ECF No. 3341, at 1.  However, in *Hoglan*, Magistrate Judge Netburn recommended that the the 4.96 interest rate for prejudgment interest should be applied to all of the solatium claims, 03-md-1570, ECF No. 3363, at 28-29.  Judge Daniels adopted Judge Netburn's *Hoglan* Report in its entirety and applied an interest rate of 4.96 percent per annum, compounded annually.  03-md-1570, ECF No. 3384, at 6.

  b.   **Burnett, et al. v. Iran Defendants**

The *Burnett* plaintiffs filed suit on December 18, 2015, against the Iran Defendants.  Service on the Central Bank was effectuated on March 18, 2016, and on Iran and the IRGC on September 14, 2016.  ECF No. 67 at ¶¶ 3-4.  At Plaintiffs' request, the Clerk of the Court issued a Certificate of Default as to the Iran Defendants on December 5, 2016.  ECF No. 67.  On December 1, 2016, Plaintiffs requested judgment as to liability against the Iran Defendants, ECF Nos. 65, 66, which application was amended on December 6, 2016 (ECF Nos. 68, 69), after the Clerk of the Court issued a Certificate of Default on December 5, 2016.  ECF No. 67.

The *Burnett* plaintiffs identified in Exhibit A now respectfully request that, in addition to granting their application for default judgment as to liability filed at ECF Nos. 68, 68, this Court grant them an Order awarding them (1) solatium damages for the losses suffered as the immediate family members (spouses, parents, children, and siblings) of their decedents (as indicated in Exhibit A) in the same per plaintiff amounts previously awarded by this Court to various similarly situated plaintiffs in the *Havlish*, *Ashton*, *Bauer*, and other cases, (2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; and (3) permission for the *Burnett* plaintiffs identified in Exhibit A to seek punitive

damages and economic and other appropriate damages at a later date, and for all other *Burnett* Plaintiffs not appearing on Exhibit A to submit applications for damages awards in later stages.

## II.      Damages Under § 1605A

Section 1605A of the Foreign Sovereign Immunities Act (FSIA) creates an exception to sovereign immunity to which a U.S. national can sue a foreign state for acts of terrorism committed while acting within the scope of his or her office, employment or agency.  The statute specifies that damages are available "for personal injury or death," 28 U.S.C. § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages."  *See* 28 U.S.C. § 1605A(c)(4).  Courts addressing the damages available under the statute have held that, among other damages recoverable, "family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages. 03-md-1570 ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 83 (D.D.C. 2010).

Plaintiffs identified in Exhibit A are each family members (spouses, parents, children, or siblings) of decedents on 9/11, who are each entitled to solatium damages based on this Court's previous determinations in the amounts as previously established and applied by this Court in other related cases arising from the terrorist attacks on September 11, 2001.  In accordance with the terms of the FSIA, the Plaintiffs identified in Exhibit A, spouses, parents, children, and siblings of decedents of 9/11, are entitled to compensation under Section 1605A for their solatium damages and are also entitled to prejudgment interest, as well.

### a.      Solatium Damages

As set forth above, the FSIA specifically provides for an award of solatium damages.  Under § 1605A, family members of a decedent may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of a decedent's society and comfort."  *Dammarell v.*

*Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), vacated on other grounds, 404 F.

Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by

their very definition extreme and outrageous and intended to cause the highest degree of emotional

distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009). In cases brought

under this exception to the FSIA, solatium claims have been treated as analogous to claims for the

intentional infliction of emotional distress. *See, e.g., Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d

260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "indistinguishable" from the claim of

"intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp.

2d 128, 135 n.11 (D.D.C. 2001).

When previously awarding solatium damages in *Havlish* and other 9/11-related cases, this

Court looked at the framework established by District Court Judge Royce C. Lamberth in *Estate of

Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006), where he awarded solatium

damages to each spouse of a deceased victim in the amount of $8 million, to each parent in the

amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.* This formula, however,

may be adjusted upward or downward when circumstances warrant. *See, e.g., Estate of Bland v. Islamic

Republic of Iran*, 831 F. Supp. 2d 1 50, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

Analyzing the solatium claims of the families of the *Havlish* victims who perished in the

September 11, 2001 terrorist attacks, Magistrate Judge Maas recognized that the decedents'

immediate family members suffered, and continue to suffer, "profound agony and grief and, [w]orse

yet, . . . are faced with frequent reminders of the events of that day." *See* 03 md 1570 ECF No. 2618

at pp. 10 - 12. Judge Maas noted in his July 30, 2012 Report and Recommendation the

"extraordinarily tragic circumstances surrounding the September 11th attacks and their indelible

impact on the lives of the victims' families," and concluded that an upward departure from Judge

Lambert's framework in *Heiser* was appropriate. *Id.* In that Report, with which this Court later

agreed, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the September 11, 2001 terror attacks in the following amounts:

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

03-md,-570, ECF No. 2623 at 4.

These exact amounts were adopted by this Court in its October 3, 2012 Order, 03-md-1570 ECF No. 2623, and were replicated in this Court's June 16, 2016 Order relating to the claims of certain of the *Ashton* Plaintiffs, 03 md 1570 ECF No. 3300, and in the September 12, 2016 Order pertaining to plaintiffs in the *Bauer* case.  03-md-1570 ECF No. 3341, and in the October 14, 2016 Report and Recommendation and October 31, 2016 Order in the *Hoglan* case.  03-md-1570 ECF Nos. 3363, 3384.  The solatium losses suffered by the *Burnett* plaintiff claimants before the Court in this application are legally and factually comparable to those suffered by the Plaintiffs in the *Havlish, Ashton, Bauer,* and *Hoglan* cases.

Plaintiffs identified on Exhibit A respectfully request that the Court grant awards of solatium to the immediate family members as identified on Exhibit A in the same amounts indicated herein, consistent with this Courts application of those values established and applied in *Havlish*, and subsequently adopted and applied to plaintiffs in the *Ashton*, *Bauer*, and *Hoglan* cases.

**b.    Punitive Damages**

Under the FSIA plaintiffs are also entitled to punitive damages. *See* 28 U.S.C. §1605A(c)(4). In the *Havlish* Report and Recommendation on Damages, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks." (03 md 1770 ECF No. ECF 2619, at 13, *citing Estate of Bland v. Islamic Republic of Iran*, 831 F.Supp. 2d

150, 158 (D.C. 2011)).  This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory) (ECF 2623). The Court has applied that ratio in later related cases.  *See, e.g.*, 03-md-1570, ECF No. 3175, at 3 (Magistrate Judge Maas Report and Recommendation to apply 3.44 punitive multiplier); 03-md-1570, ECF No. 3229, at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply 3.44 multiplier); 03-md-1570, ECF No. 3300, at 1 and Exhibit A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice.  03-md-1570, ECF No. 3363, at 28.  Judge Daniels adopted Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs' request for punitive damages.  03-md-1570, ECF No. 3384, at 6.

In light of the Court's recent decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, Plaintiffs herein request permission to address the issue of punitive damages at a later date.

### c.    Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism.  *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011).  This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001 until the date of judgment (03-md-1570, ECF 2619 at 13-14).  This Court, recognizing that prejudgment interest was appropriate in cases such as this case, adopted the magistrate judge's reasoning, finding that an

award of prejudgment was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

Since the *Havlish* award, plaintiffs in *Ashton* and *Bauer* have proposed, and the Court has agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum is appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states. *See* 03-md-1570, ECF No. 3229, at 2; ECF No. 3300, at 1; 03-md-1570, ECF No. 3341, at 1.

The Second Circuit recently held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA"). *World Trade Farmers Market, Inc. v. American Airlines, Inc. (In Re: September 11th Litigation)*, 2015 U.S. App. LEXIS 16619, * 66 (2d Cir. Sept. 17, 2015).  In that case, the Second Circuit concluded that a federal cause of action under the ATSSA must look to state rules concerning prejudgment interest. *Id.*  Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' 9/11 claims. *Id.*

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims.  03-md-1570, ECF No. 3363, at 28-29.  Judge Daniels adopted Judge Netburn's Hoglan Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims.  03-md-1570, ECF No. 3384, at 6.

In light of the Court's recent decision in the *Hoglan* matter, applying the 4.96 percent rate to prejudgement interest, the *Burnett* Plaintiffs identified in Exhibit A respectfully request that the clerk

be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of the judgment.

**III.    Conclusion**

For all of the reasons herein, as well as those set forth in the submissions of the plaintiffs in the other 9/11 related cases in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the *Burnett* plaintiffs identified in Exhibit A respectfully request that this Court award them solatium damages of $12,500,000.00 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment, and grant permission for the *Burnett* plaintiffs identified in Exhibit A to seek punitive damages and economic and other appropriate damages at a later date, and for all other *Burnett* Plaintiffs not appearing on Exhibit A to submit applications for damages awards in later stages.

Dated:  December 16, 2016

Respectfully submitted,

   /S/  Robert T. Haefele
Robert T. Haefele, Esq. (SC75266; DC1007583;
NJ58293; PA57937; NY845666 - RH-2811)
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel. (843) 216.9000
Fax (843) 216.9450
rhaefele@motleyrice.com