UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

**03-MD-1570 (GBD)(SN)**

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/2018

**SARAH NETBURN, United States Magistrate Judge**:

    On July 31, 2018, Defendant Kingdom of Saudi Arabia (the "Kingdom") filed a letter motion requesting to supplement the existing protective order in this MDL. ECF No. 4077. The Kingdom notes that it has produced "consular and diplomatic files," "personnel files," and "financial records" that "are highly sensitive and should remain confidential even if attached to or described in judicial filings." Id. at 1–2. The Kingdom proposes that documents containing information that the Kingdom has designated as confidential should be temporarily sealed for two weeks, during which time the Kingdom may make an application for the documents to be permanently sealed. Id. at 2. The Kingdom further proposes that if the Kingdom does not make an application during the two-week period, the Clerk of Court should place the sealed filing on the public docket. Id. In response, the Plaintiffs' Executive Committees ("PECs") argue that the Kingdom's proposed procedure "violates the First Amendment and common law rights of litigants to speak publicly and of the public to have immediate access to and discussion of judicial filings" and "needlessly burdens the plaintiffs and the Court." ECF No. 4116.

    The Court does not doubt that the Kingdom has produced documents of a sensitive nature. But the existing protective order, ECF No. 1900, and the Court's Individual Practices provide adequate protection for any confidential documents the Kingdom has produced. First, the

existing protective order states that any party producing documents may designate material as confidential. ECF No. 1900 at 8–9. Second, the Court's Individual Practices state:

> To avoid the unnecessary filing of documents under seal, counsel for the Parties will discuss, in good faith, the need to file Confidential Materials under seal. If the parties agree in writing that a particular document that has been designated Confidential Material shall not be filed under seal, that document can be filed without redaction and such filing will not be a breach of any Stipulation of Confidentiality.
>
> Any party wishing to file in redacted form any pleading, motion, memorandum, exhibit, or other document, or any portion thereof, based on a party's designation of information as Confidential, must make a specific request to the Court by letter explaining the reasons for seeking to file that submission under seal and addressing the request in light of the Court of Appeals' opinion in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). If a request for redactions is based on another party's designation of information as confidential, the parties shall confer and jointly submit the request for redactions.

In other words, when a party wishes to file a document containing information that has been designated as confidential, the parties must first meet and confer to discuss whether the information should be filed under seal. This requirement applies regardless of which party has designated the information as confidential. If any party believes the information should be filed under seal, the Court's Individual Practices do not permit the opposing party to file the information on the docket in unredacted form. Rather, the Individual Practices direct the parties to submit a request for redactions. To the extent the parties disagree on whether the information should be sealed, the parties may present both parties' arguments in the application. These procedures provide sufficient assurance that documents and other information that the Kingdom has designated as confidential will not filed on the public docket in unredacted form until the Court has ruled on whether they should be sealed.

In addition, the PECs contend that for many of the documents the Kingdom has designated as confidential, "no good faith argument for confidentiality can reasonably be made." ECF No. 4116 at 2. Therefore, the PECs request the Court's permission to file certain documents

for *in camera* review. Id. at 3. But the existing protective order establishes a procedure whereby a party may object to another party's designation of information as confidential. ECF No. 1900 at 14–15. That procedure requires the parties to meet and confer and make good faith efforts to resolve the dispute before seeking court intervention. Id. The PECs have not met and conferred with the Kingdom to resolve this issue. Accordingly, the Court will not conduct an *in camera* review of documents at this time.

In sum, the Kingdom's motion to supplement the protective order is DENIED. The Court will not adopt the procedures the Kingdom has proposed. Instead, the parties are directed to comply with the existing protective order, ECF No. 1900, and the Court's Individual Practices when they wish to file any information with the Court that has been designated as confidential. The Court's temporary order prohibiting parties from filing any documents on the docket that have been designated as confidential by the Kingdom (ECF No. 4079) is VACATED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 4077.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    August 27, 2018
          New York, New York