**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN) <br><br> ECF Case |

**This document relates to:**
    *Burnett, et al. v. Islamic Rep. of Iran, et al.*, No. 15-cv-9903 (GBD)(SN)
    *Prior, et al. v. Islamic Rep. of Iran*, No. 19-cv-44 (GBD)(SN)

<u>**PLAINTIFFS' NOTICE OF MOTION FOR ENTRY OF DEFAULT AS TO LIABILITY
AND PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF PERSONAL
REPRESENTATIVES OF ESTATES OF NON-NATIONAL 9/11 DECEDENTS**</u>

**(*BURNETT* NON-NATIONALS 1)**

PLEASE TAKE NOTICE that upon the accompanying declaration of John M. Eubanks,

with exhibits, and the accompanying memorandum of law, Plaintiffs in the *Burnett*[1] action pending

before the Court seek default judgment as to liability for the following classifications of Plaintiffs:

(1) Plaintiffs who are personal representatives of the estates of individuals who were killed
in the terrorist attacks on September 11, 2001 who were not United States nationals at
the time of their death;

(2) Plaintiffs who are immediate family members (spouses, children, parents, and siblings
and including personal representatives of the estates of immediate family members who
passed away between September 11, 2001 and now) of individuals who were killed in
the terrorist attacks on September 11, 2001 where neither the 9/11 decedent nor their
immediate family member was a United States national on September 11, 2001;

(3) Plaintiffs who assert claims as the "functional equivalents" of an immediate family
member (spouse, child, parent, or sibling) of an individual who was killed in the
terrorist attacks on September 11, 2001 where neither the 9/11 decedent nor the
functional equivalent of an immediate family member was a United States national on
September 11, 2001; and

(4) Plaintiffs who sustained physical injuries proximately caused by the terrorist attacks on
September 11, 2001 who were not United States nationals on September 11, 2001.
These Plaintiffs submit that default judgment as to liability should be entered pursuant

---

[1] There is a single estate that appears in the *Prior* case that relies on the allegations and counts included in the *Burnett* case, so references to the *Burnett* Plaintiffs should, therefore, also include that singular *Prior* plaintiff.

to the exception to foreign sovereign immunity codified at 28 U.S.C. § 1605B(b) and the common law of New York, Pennsylvania, and Virginia.

Furthermore, the Plaintiffs identified in Exhibits A and B to the Eubanks Declaration—who are the personal representatives of the estates of non-United States-national 9/11 decedents killed in New York City and Arlington, Virginia, respectively—respectfully move this Court for partial default judgment awarding them (1) compensatory damages for pain and suffering for those individuals killed in New York City in the same per estate amount previously awarded by this Court for other estates of decedents killed in the terrorist attacks on September 11, 2001 with claims arising under 28 U.S.C. § 1605A(c); (2) wrongful-death damages for the plaintiffs identified in the expert reports attached as Exhibit C to the Eubanks Declaration and filed on ECF under seal pursuant to the Court's May 5, 2022 order, ECF No. 7963, pursuant to New York law; (3) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; (4) permission for the *Burnett* plaintiffs identified in Exhibits A or B to seek punitive damages, wrongful-death damages, or other damages at a later date; and (5) for all other *Burnett* Plaintiffs not appearing on Exhibits A or B whose claims are subject to the jurisdiction of this Court against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran (collectively the "Iran Defendants") solely under the exception to sovereign immunity found at 28 U.S.C. § 1605B(b), to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2

Plaintiffs seek this relief and such other appropriate relief as the Court deems appropriate.

Dated:  April 30, 2024                         Respectfully submitted,

                                              MOTLEY RICE LLC


                                              */S/ John M. Eubanks*_____
                                              John M. Eubanks, Esq.
                                              Jodi Westbrook Flowers, Esq.
                                              Robert T. Haefele, Esq.
                                              Jade Haileselassie, Esq.
                                              28 Bridgeside Boulevard
                                              Mount Pleasant, SC 29464
                                              Tel: (843) 216-9000
                                              Fax: (843) 216-9450
                                              Email: jeubanks@motleyrice.com

                                              *Attorneys for Plaintiffs*