UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br><br>ECF Case |

**This document relates to:**
*Burnett, et al. v. Islamic Rep. of Iran, et al.*, No. 15-cv-9903 (GBD)(SN)

**[PROPOSED] ORDER OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF NON-NATIONAL 9/11 PERSONAL-INJURY PLAINTIFFS**

**(*BURNETT* NON-NATIONALS 3)**

Upon consideration of the evidence and arguments submitted by Plaintiffs through their Motion for Entry of Partial Final Default Judgments on Behalf of Non-National 9/11 Personal-Injury Plaintiffs, together with the entire record in this case, it is hereby:

**ORDERED** that service of process was effected upon the Islamic Republic of Iran in this case in accordance with 28 U.S.C. § 1608(a)(4); and it is

**ORDERED** that service of process was effected upon the Islamic Revolutionary Guard Corps in this case in accordance with 28 U.S.C. § 1608(a)(4); and it is

**ORDERED** that service of process was effected upon the Central Bank of the Islamic Republic of Iran in this case in accordance with 28 U.S.C. § 1608(b)(3)(B); and it is

**ORDERED** that this Court possesses subject-matter jurisdiction over these foreign-sovereign defendants under 28 U.S.C. § 1605B(b); and it is

**ORDERED** that this Court has personal jurisdiction over the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran (the "Iran Defendants") based on the existence of subject-matter jurisdiction under 28 U.S.C. § 1605B(b) and proper service of process on these defendants under 28 U.S.C. § 1608; and it is

**ORDERED** that pursuant to 28 U.S.C. § 1606, because the exception to sovereign immunity under 28 U.S.C. § 1605B(b) applies to the Iran Defendants in this case, Plaintiffs may pursue claims against the Iran Defendants to the same extent as they could against a private individual under like circumstances; and it is

**ORDERED** that choice-of-law principles of New York apply and that because the injuries to each of the Plaintiffs on Exhibit A were sustained in New York, then New York's law applies; and it is

**ORDERED** that the Plaintiffs on Exhibit A have sufficiently alleged claims for assault and battery (including aiding and abetting assault and battery) against the Iran Defendants under New York law permitting them to be awarded damages; and it is

**ORDERED** that damages are to be assessed in accordance with the framework established by this Court for claims arising under 28 U.S.C. § 1605A(c) to promote a measure of parity to plaintiffs of different nationalities; and it is

**ORDERED** that partial final judgment is entered against the Iran Defendants and on behalf of the Plaintiffs on Exhibit A; and it is

**ORDERED** that a review of Plaintiffs' submissions makes clear that each of the individual Plaintiffs has suffered profoundly as a result of the tragic events of September 11, 2001, and this review supports the determination that the following personal injury awards are appropriate:

| Category of Injury | Pain and Suffering Damages Award |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

; and it is

**ORDERED** that the Plaintiffs on Exhibit A are awarded judgment for pain and suffering damages as set forth on Exhibit A; and it is

**ORDERED** that Plaintiffs on Exhibit A are awarded prejudgment interest of 4.96 percent per annum, all interest compounded annually over the same period, running from September 11, 2001 until the date of judgment; and it is

**ORDERED** that Plaintiffs on Exhibit A may submit an application for punitive damages, economic damages, or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue; and it is

**ORDERED** that the remaining *Burnett* non-national 9/11 personal-injury Plaintiffs not identified on Exhibit A, may submit in later stages applications for damages awards for compensatory damages for pain and suffering, punitive damages, economic damages, or other damages (to the extent such awards have not been previously ordered).

The Clerk of the Court is directed to close the motions in 03 MDL 1570, (ECF No. 9889), and 15 Civ. 9903, (ECF No. 729), accordingly.

Dated: New York, New York         **SO ORDERED:**

_____, 2024

_____
GEORGE B. DANIELS
United States District Judge

3