UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.* | 15-cv-9903 (GBD)(SN)<br>ECF Case |

**DECLARATION IN SUPPORT OF MOTION FOR
ENTRY OF PARTIAL FINAL DEFAULT JUDGMENT ON BEHALF
OF A PLAINTIFF WHO WAS NOT AN IMMEDIATE FAMILY MEMBER
OF A 9/11 DECEDENT**

(*BURNETT* XXXI)

JOHN M. EUBANKS, Esquire, hereby states under penalty of perjury that:

1. I am an attorney with the law firm of Motley Rice LLC, attorneys for the Plaintiffs in the above-captioned matters. I submit this Declaration in support of this motion on behalf of Plaintiff Ian L. Pescaia.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (ECF No. 3435[1]), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 7, below.

   b. The Court's Orders dated October 14, 2016 and August 8, 2017 (ECF Nos. 3363 and 3676) concerning the amounts of solatium damage awards.

---

[1] Unless indicated differently, citations to ECF Nos. are to the docket in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD)(SN).

c. <u>The Court's Order dated October 14, 2016</u> (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

3. The Plaintiff whose claims are submitted with this motion has not previously received judgments against these defendants in the MDL, and he does not have motions currently pending against these defendants in the MDL.

4. The form of this motion and the relief requested herein are also consistent with the form and relief requested and granted as to other plaintiffs in the *Burnett* action.

5. The Court's standardized exhibit is attached hereto as Exhibit A.

6. Service of process on The Islamic Republic of Iran and the Islamic Revolutionary Guard Corps was executed pursuant to 28 U.S.C. § 1608(a) on September 14, 2016 by service through diplomatic channels. Service on the Central Bank of the Islamic Republic of Iran was executed pursuant to 28 U.S.C. § 1608(b) on March 18, 2016 through direct mailing via the U.S. Postal Service.

7. The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of Plaintiff Ian L. Pescaia in connection with the September 11th terror attacks, other court records relating to the *In re Terrorist Attack on September 11, 2001* multidistrict litigation, my communications with other counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation, and conversations with Mr. Pescaia and his sworn statement attached hereto as Exhibit B. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

8. Plaintiff Ian L. Pescaia has the functional equivalence of a spouse of 9/11 decedent Christine A. Snyder. In support of his entitlement to solatium damages, Plaintiff Ian L. Pescaia has

affirmed the details of his relationship with 9/11 decedent Christine A. Snyder in the decalaration attached hereto Exhibit B.

9. The solatium amount set forth in Exhibit A is the figure this Court has previously determined appropriate for solatium damages for the spouse of a 9/11 decedent.

10. After reviewing the records available to me regarding other judgments entered by this Court against the Iranian defendants, I have not identified any relief that has previously been awarded to Ian L. Pescaia.

11. Before filing this motion, I have (1) complied with the due diligence safeguards referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against the Iranian defendants, no relief has previously been awarded to any plaintiff included in the judgment.

12. Accordingly, a proposed Order of Partial Final Judgment, conforming to the Court's previous orders, has been provided with Plaintiffs' motion.

Dated: June 17, 2024

/s/   John M. Eubanks
John M. Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: 843-216-9218
Fax: 843-216-9450
Email: jeubanks@motleyrice.com