UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Burnett, et al. v. The Islamic Republic of Iran, et al.*, 15-cv-9903 (GBD)(SN)

### PLAINTIFFS' RULE 60(a) MOTION FOR CORRECTION OF PARTIAL FINAL JUDGMENT

Plaintiff by undersigned counsel moves under Federal Rule of Civil Procedure 60(a) for an order correcting this Court's September 5, 2024 Order of Partial Final Default Judgment (*see* ECF No. 10301) for reasons stated as follows:

1.  The Court requires that Plaintiffs submit extensive exhibits to their submissions for default judgments submitted to the Court against *inter alia* the Islamic Republic of Iran. One of these requirements is that the exhibits listing those Plaintiffs seeking judgments for estates of individual killed in the terrorist attacks on September 11, 2001 must indicate whether or not the Plaintiffs have previously received an award for pain-and-suffering damages. The June 21, 2024 Declaration of John M. Eubanks (ECF No. 9987) included exhibits complying with the Court's requirements specifically in relation to judgments sought for the Estates of Bruce Henry Gary, Michael Rourke Andrews, and Manuel John DaMota. *See* ECF No. 9987-2. In that exhibit, Plaintiffs indicated, as required, that no "Prior Award" had been granted to any of the estates previously within this MDL.

2.  The Declaration of John M. Eubanks contained the following language: "The Plaintiffs whose claims are submitted with this motion have not previously received judgments against these defendants in the MDL (other than those who previously obtained pain-and-suffering

damages and are seeking economic-loss damages here), and they do not have motions currently pending against these defendants in the MDL." *See* ECF No. 9987 at ¶3. This language intended to convey that if a pain-and-suffering damages award had previously been entered, that would be indicated in the exhibit as required.[1]

3.  Despite the accuracy of the exhibit, the parenthetical language in the Declaration of John M. Eubanks caused the Court to find, "In their moving papers, Plaintiffs … indicated that certain estates had previously received pain-and-suffering damages (*see* ECF No. 9987 ¶ 3), but in their proposed exhibits, these Plaintiffs did not indicate which estates had received pain-and-suffering damages. (*See* ECF No. 9988-3). To avoid repetitive damage awards, these Plaintiffs' current requests for pain-and-suffering damages are DENIED without prejudice to renewal for estates that have not yet been awarded pain-and-suffering damages." ECF No. 10301 at 2, n.5.

4.  The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). Here, the intention of the Plaintiffs was to obtain pain-and-suffering damages for these three estates (and economic-loss damages for one of the three estates). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir.1968); *Dura-Wood Treating Co., A Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.*, 694 F.2d 112 (5th Cir.1982)).

---

[1] Plaintiffs recognize that the preference would be to omit the parenthetical in this declaration, but in candor to the Court, this verbiage has been utilized in prior declarations and was solely intended to bring attention to the "Prior Award" column for pain-and-suffering damages in the exhibits to the extent it would apply.

Plaintiffs submit that Exhibit B submitted with the Declaration of John M. Eubanks (ECF No. 9987-2) was apparent in stating that no prior award of pain-and-suffering damages had been obtained.

5. The correction requested by Plaintiffs would more accurately reflect Plaintiffs' intent and eliminate any doubt that was stated in footnote 5 of the judgment.

WHEREFORE, Plaintiffs respectfully request the issuance of the Corrected Order of Partial Final Default Judgment filed contemporaneously with this motion to conform with the correction provided herein.

Dated: September 6, 2024                                     Respectfully submitted,

                                                             MOTLEY RICE LLC

                                                             BY: /s/ John M. Eubanks
                                                             John M. Eubanks, Esq.
                                                             28 Bridgeside Blvd.
                                                             Mount Pleasant, SC 29464
                                                             Tel: (843)216-9000
                                                             Email: jeubanks@motleyrice.com

                                                             *Attorneys for Plaintiff*