**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br><br>ECF Case |
| This document relates to:<br>*Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.* | 15-cv-9903 (GBD)(SN)<br><br>ECF Case |

**MEMORANDUM OF LAW FOR ENTRY OF PARTIAL**
**FINAL DEFAULT JUDGMENT ON BEHALF OF**
***BURNETT/IRAN* PLAINTIFF IDENTIFIED AT EXHIBIT A**

**(*BURNETT / IRAN* XXXV)**

For the reasons set forth below and in the accompanying declaration of John C. Duane ("Duane Declaration"), the Plaintiff identified in Exhibit A to the Duane Declaration[1] filed contemporaneously with this application, by and through their counsel, Motley Rice LLC, respectfully move this Court for an Order awarding them (1) economic damages for the plaintiff identified in the expert report attached as Exhibit B to the Duane Declaration; (2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; (3) permission for the *Burnett*/*Iran* plaintiff identified in Exhibit A to seek punitive damages or other damages at a later date; and (4) for all other *Burnett/Iran* Plaintiffs not appearing on Exhibit A, to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

The Plaintiff identified at Exhibit A has previously received a judgment from this Court for their pain and suffering damages in this case[2]. As this Court has previously ordered, "Plaintiffs

---

[1] The Plaintiff seeking damages in this motion is a Plaintiff whose claim was denied without prejudice in a previously issued judgment. *See* ECF No. 10301. Plaintiff has subsequently filed a motion to substitute parties which was granted by the Court. *See* ECF Nos. 10303 and 10322.

[2] *See* ECF No. 6034 (*Burnett/Iran* XIX – 9/11 decedent Laurie Ann Neira).

[previously awarded damages for pain and suffering] may submit an application for … economic damages … at a later date consistent with any future rulings made by this Court on this issue….” *See* ECF No. 5092. The Plaintiff identified on Exhibit A is seeking only economic damages to be combined with their previously awarded judgments for pain and suffering damages. This motion is meant to supplement their prior pain and suffering judgment on this front.

Plaintiffs sued The Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran (collectively, “the Iran Defendants”) in connection with the 9/11 Attacks. On December 1, 2016, all plaintiffs in the action *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran*, et al., Case No. 15-cv-9903 (GBD)(SN) (“*Burnett/Iran*”), moved for judgment as to liability only. 15-cv-9903 ECF Nos. 65, 66, amended on December 6, 2016, 15-cv-9903 ECF Nos. 68, 69. On January 31, 2017, the Court granted plaintiffs’ application for judgment as to liability only. 15-cv-9903 ECF No. 85. The plaintiff that is party to this application, as identified in Exhibit A, is a subset of the plaintiffs who have been granted judgment as to liability only, and rely on that judgment as to liability only for their request for supplemental default judgment as to economic loss damages. The plaintiff identified in Exhibit A now requests entry of partial final default judgment against the Iran Defendants as to their claim in the economic loss amounts indicated in Exhibit A.

I.    **Procedural Background**

The Plaintiff identified on Exhibit A is a Plaintiff who previously received judgment for pain and suffering only but who is now submitting a supplemental claim for economic loss. Therefore, the Plaintiff listed on Exhibit A has previously received judgment from this Court for pain and suffering damages only. The Plaintiff listed on Exhibit A has not previously been granted damages for economic loss.

## II.    Supplemental Damages Sought Under § 1605A

Section 1605A of the Foreign Sovereign Immunities Act (FSIA) creates an exception to sovereign immunity allowing a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency. 28 U.S.C. § 1605A(a)(1). The statute specifies that damages are available "for personal injury or death," 28 U.S.C. § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). Courts addressing the damages available under the statute have held that, among other damages recoverable, "family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages. 03-md-1570, ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010). Because the Plaintiffs listed on Exhibit A have previously received judgments for pain and suffering damages from the Court, they now seek only to supplement those motions with this request for economic loss and for prejudgment interest on any economic loss damages determination.

### A.    Economic Damages

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran,* 999 F.Supp. 1, 27 (D.D.C. 1998). Accordingly, "the beneficiaries of each decedent's estate [are]…entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore v.*

*Islamic Republic of Iran,* 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser,* 466 F.Supp.2d 229. Thus, for example, Judge Royce C. Lamberth of the U.S. District Court for the District of Columbia, in a series of decisions issuing final judgments against the Islamic Republic of Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran,* 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore,* 700 F.Supp.2d at 78.[3]

Previously, this Court awarded economic damages in each *Havlish* case for the "economic losses stemming from the wrongful death of the decedent[.]" *See* ECF No. 2623 at 2-3. In doing so, it adopted the economic loss calculations set forth in the *Havlish* plaintiffs' economic expert reports. The *Burnett/Iran* plaintiffs have retained the services of the same expert economist, Dr. Stan V. Smith, to submit his extensive economic analyses that detail the significant economic losses suffered by the decedent estates in this case. Exhibit B to the Duane Declaration is being submitted to this Court under seal due to the significant amount of sensitive financial data contained therein.[4] Dr. Smith has opined utilizing his standard methodology on the economic losses sustained by each of the individual decedents and their estates. His reports outline, introduce, and delve into the expert methodology that he has employed for each of the decedents while also providing a breakdown of the summary of both past and future losses for the following categories: (1) loss of wages and benefits; (2) loss of pension benefits (if they exist); (3) loss of housekeeping and home management services; and (4) loss of value of life, also known as the loss of enjoyment of life. As Dr. Smith states in each of the reports, "All opinions … are rendered in

---

[3] In adopting this estate-accumulations calculation, Judge Lamberth recognized that case law under the FSIA was "develop[ing]…a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Roth,* 78 F.Supp.3d at 82.

[4] Magistrate Judge Netburn has permitted the filing under seal of these materials given their sensitive contents. See ECF No. 5716; see also ECF No. 7963 (permitting these reports to be filed under seal via ECF).

accordance with generally accepted standards within the field of economics and are expressed to a reasonable degree of economic certainty." All subsequent reports for the remaining decedent estates are rendered in summary form while also stating the basis for certain assumptions, consumption rates, and other material economic data utilized to render these opinions.

The *Burnett/Iran* plaintiffs respectfully ask that this Court award economic damages in each of the cases listing economic loss in Exhibit A as supported by the expert reports submitted by Dr. Smith.

B.    **Prejudgment Interest**

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001 until the date of judgment (ECF 2619 at 13-14).  This Court, recognizing that prejudgment interest was appropriate in cases such as this case, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states. *See* ECF Nos. 3229 at 2; 3300 at 1; 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA"). *World Trade Farmers Market, Inc. v. American Airlines, Inc.* (*In Re: September 11th Litigation*), 2015 U.S. App. LEXIS 16619, *66 (2d Cir. Sept. 17, 2015). In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest. *Id*. Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' 9/11 claims. *Id*.

However, more recently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims. ECF No. 3363 at 28-29. Judge Daniels adopted Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims. ECF No. 3384 at 6.

In light of the Court's decision in the *Hoglan* matter, applying the 4.96 percent rate to prejudgment interest, the *Burnett/Iran* Plaintiffs identified in Exhibit A respectfully request that the clerk be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of the judgment.

## III.    Conclusion

For all of the reasons herein, as well as those set forth in the submissions of the other plaintiffs in this case and plaintiffs in the other 9/11 related cases in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the *Burnett/Iran* plaintiff identified in Exhibit A

respectfully requests that this Court award them (1) economic damages for the plaintiffs identified in the expert report attached as Exhibit B to the Duane Declaration; (2) prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment; (3) permission for the *Burnett/Iran* plaintiff identified in Exhibit A to seek punitive damages or other damages at a later date; and (4) for all other *Burnett/Iran* Plaintiffs not appearing on Exhibit A, to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed. This is in addition to any relief previously awarded to these Plaintiffs by the Court for pain and suffering damages.

Dated: September 9, 2024                    Respectfully submitted,

                                            /s/  John C. Duane
                                            John C. Duane, Esq.
                                            MOTLEY RICE LLC
                                            28 Bridgeside Blvd.
                                            Mount Pleasant, SC 29464
                                            Tel: 843-216-9000
                                            Fax: 843-216-9450
                                            Email: jduane@motleyrice.com

                                            Attorney for the *Burnett/Iran* Plaintiffs