UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
IN RE:                                              :           MEMORANDUM DECISION
                                                    :                  AND ORDER
TERRORIST ATTACKS ON                                :           03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001                                  :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to:

   *Burnett v. Islamic Republic of Iran*, No. 15-cv-09903 (GBD)(SN)

GEORGE B. DANIELS, United States District Judge:

   Certain *Burnett* Plaintiffs moved for partial final default judgment against the Islamic

Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic

Republic of Iran (collectively, the "Iran Defendants"). (ECF Nos. 9733, 9945, 10027, 10045.)[1]

As non-U.S. nationals, these Plaintiffs cannot bring claims against the Iran Defendants under 28

U.S.C. § 1605A(c). (*See* ECF No. 9666, at 1). They therefore ask this Court to hold the Iran

Defendants liable under state tort law. Additionally, two *Burnett* Plaintiffs asked the Court to treat

them as functional equivalents of immediate family members to the 9/11 decedents. (ECF No.

9945).

   Before this Court is Magistrate Judge Sarah Netburn's January 13, 2025 Report and

Recommendation ("the Report"), recommending that this Court: 1) grant Plaintiff Rui Zheng's

motion based on the Intentional Infliction of Emotional Distress ("IIED") claim under Virginia

law and award her solatium damages as set forth in Exhibit A; 2) grant the *Burnett* Plaintiffs'

motions based on IIED claims under New York law and award them solatium damages as set forth

---

[1]Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11
multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD)
(SN).

in Exhibit B; 3) deny without prejudice certain *Burnett* Plaintiffs' motions; and 4) grant Plaintiffs

Solomon Gayle's and Erica Zimmerman's motions and award them solatium damages as set forth

in Exhibit C. (Report, ECF No. 10665, at 18–19, 22–23.) Magistrate Judge Netburn advised the

parties that failure to file timely objections to the Report would constitute a waiver of those

objections on appeal. (*Id.* at 24.) No party has filed objections.

## I.    LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or

recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court

must review *de novo* the portions of a magistrate judge's report to which a party properly objects.

*Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are

made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47

(S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire

record, [the court is] left with the definite and firm conviction that a mistake has been committed."

*United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks

omitted).

Having reviewed Magistrate Judge Netburn's Report for clear error and finding none, this

Court ADOPTS the Report in full.

## II.  MAGISTRATE JUDGE NETBURN CORRECTLY CONCLUDED THAT JURISDICTION EXISTS

Magistrate Judge Netburn concluded that the Court has both subject matter and personal

jurisdiction over the Iran Defendants. (*See* Report at 4–8). Magistrate Judge Netburn properly

noted that certain *Burnett* Plaintiffs hold a default judgment against the Iran Defendants as to

liability. (*See* Report at 2 (citing Order of Judgment, ECF No. 3443; *In re Terrorist Attacks on

Sept. 11, 2001*, 2011 WL 13244047, at *2–36 (S.D.N.Y. Dec. 22, 2011) ("2011 Decision").) In

its 2011 Decision, this Court found Iran liable for facilitating the 9/11 attacks under the FSIA exception provide under 28 U.S.C. § 1605B(b). *See 2011 Decision*, 2011 WL 13244047, at *41.

As Magistrate Judge Netburn correctly noted, while "courts cannot take judicial notice of factual findings made in another case and rely on them 'for the truth of the matter asserted,'" (Report at 3 (citing *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998))), courts can, in the FSIA context, take judicial notice of decisions and review the underlying evidence, "thereby obviating the need for its 're-presentment.'" (*Id.* at 3–4 (citing *Lee v. Islamic Republic of Iran*, 518 F. Supp. 3d 475, 480 (D.D.C. 2021))). The underlying evidence from the 2011 Decision supports the conclusion that Iran's tortious acts—specifically, its provision of material support to al Qaeda—proximately caused the 9/11 attacks, and Plaintiffs' injuries by extension. (*See* Report at 4–6.) Therefore, Plaintiffs have established the applicability of the FSIA exception under 28 U.S.C. § 1605B(b), and this Court has subject-matter jurisdiction under 28 U.S.C. § 1330(a).

Once a court determines that subject matter jurisdiction exists over a foreign state under 28 U.S.C. § 1330(a), personal jurisdiction is straightforward, simply requiring valid service of process under 28 U.S.C. § 1608. *See* 28 U.S.C. § 1330(b). Magistrate Judge Netburn correctly found that Plaintiffs achieved service under 28 U.S.C. § 1608(a)(4) and 28 U.S.C. § 1608(b)(3). (*See* Report at 7–8.) Therefore, this Court has personal jurisdiction over Iran Defendants.

## III.    MAGISTRATE JUDGE NETBURN PROPERLY NOTED THAT THE IRAN DEFENDANTS DEFAULTED

Plaintiffs' effectuation of service triggered a sixty-day period for Iran Defendants to serve "an answer or other responsive pleading to the complaint." 28 U.S.C. § 1608(d). The Iran Defendants failed to do so, and the Clerk of Court entered a Certificate of Default against the Iran Defendants on December 5, 2016. Thus, Magistrate Judge Netburn did not err in finding that Iran

defaulted in this action. (*See* Report at 8 (citing Certificate of Default, No. 15-cv-09903, ECF No. 67).)

## IV.    MAGISTRATE JUDGE NETBURN DID NOT ERR IN HOLDING THE IRAN DEFENDANTS LIABLE

First, Magistrate Judge Netburn correctly noted that non-U.S. nationals may bring claims through § 1605B(b) and under New York tort law. (*See* Report at 2 (citing *In re 9/11*, 2024 WL 4268663 (S.D.N.Y. Jan. 5, 2024) ("King R&R"), report and recommendation adopted by 2024 WL 1312504 (Mar. 26, 2024) ("King Opinion").)

When MDL courts preside over state law claims, they apply the choice-of-law rules "that would have been applied by a state court in the jurisdiction in which a case was filed." *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993). Because Plaintiffs filed their action in this District, this Court looks to New York's choice-of-law rules. (*See* Report at 8–9.) As Magistrate Judge Netburn noted, this analysis boils down to an evaluation of the "place of the tort—i.e., the jurisdiction where the last event necessary to make the defendant liable occurred. (*See id.* at 9; *In re Sept. 11th Litig.*, 494 F. Supp. 2d 232, 239 (S.D.N.Y. 2007) (citing *Schultz v. Boy Scouts of Am.*, 65 N.Y.2d 189, 192 (1985))). Here, Magistrate Judge Netburn did not err in applying New York law to most of the *Burnett* Plaintiffs who suffered injuries in New York, and applying Virginia law to Ms. Zheng, whose parents suffered injuries in Virginia. (*See* Report at 9.)

### A. WRONGFUL DEATH

Magistrate Judge Netburn did not err in holding the Iran Defendants liable to Plaintiffs for their wrongful death claims. (*See* Report at 9–10.) New York law imposes liability for (1) the "death of a human being" where (2) "a wrongful act, neglect or default ... caused the decedent's death," (3) the decedent's survivors "suffered pecuniary loss by reason of the decedent's death," and (4) a "personal representative" has been appointed to represent the decedent. *Chamberlain v.*

*City of White Plains*, 986 F. Supp. 2d 363, 398 (S.D.N.Y. 2013). Magistrate Judge Netburn properly concluded that the *Burnett* Plaintiffs' claims satisfy these elements, and the Iran Defendants are liable to them under New York's wrongful death statute. (*See* Report at 10.)

It was also appropriate for Magistrate Judge Netburn to grant Ms. Zheng's request to withdraw her wrongful death claims brought under Virginia statute. (*See* Report at 10–11.) The Court agrees with Magistrate Judge Netburn that Ms. Zheng's claim based on Virginia's survival statute should be denied without prejudice.

## B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Magistrate Judge Netburn did not err in holding the Iran Defendants liable for the *Burnett* Plaintiffs' IIED claims. (*See* Report at 11–18.) Under New York law, the tort of IIED "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. N. Y. Post Co.*, 81 N.Y.2d 115, 121 (1993). Under Virginia law, the plaintiff must show the following four elements in order to successfully bring an IIED claim: (i) the wrongdoer's conduct was intentional or reckless; (ii) the conduct was outrageous or intolerable; (iii) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and (iv) the resulting emotional distress was severe." *Williams v. Agency, Inc.*, 997 F. Supp. 2d 409, 413–14 (E.D. Va. 2014) (citing *Supervalu, Inc., et al. v. Johnson*, 276 Va. 356, 666 S.E.2d 335, 343 (2008).)

Based on the evidence that the Plaintiffs have proffered—which the Iran Defendants have admitted is true by virtue of their default—the *Burnett* Plaintiffs have successfully established all four elements of their IIED claims under both New York and Virginia law. (*See* Report at 12–14.) Furthermore, Magistrate Judge Netburn did not err in determining that despite the "presence" and

"contemporaneous perception" requirements under the Second and Third Statement of Torts for a third person to recover under an IIED claim, the terrorism exception should apply here. (*See* Report at 14–18.) The 9/11 attacks were designed to cause severe emotional distress on the general public, and in particular, families of the victims. Despite not being present or not having contemporaneous perception of the Attacks, the *Burnett* Plaintiffs were very much the targets of the IIED tort. Additionally, the objectives to be achieved by imposing the "presence" requirement are already accomplished here: the 9/11 attacks were certainly intended to harm the third persons, and the *Burnett* Plaintiffs' claims of severe distress are genuine and limited. (*See* Report at 16–17, citing *Republic of Sudan v. Owens*, 194 A.3d 38, 43-44 (D.C. 2018).) Magistrate Judge Netburn properly applied New York and Virginia tort law to the *Burnett* Plaintiffs' IIED claims, establishing liability for the Iran Defendants here. This Court awards damages to family members of 9/11 victims according to an established framework developed for solatium claims. (*See* ECF No. 2623.)

## C. FUNCTIONAL REQUIVALENT

Plaintiffs Solomon Gayle and Erica Zimmerman move for partial final default judgment as to solatium damages on the ground that their close relationships, respectively, with decedents Seilai Khoo and Kenneth William Basnicki, who were killed in the 9/11 attacks, merit a finding that Mr. Gayle was the functional equivalent of Ms. Khoo's spouse, and Ms. Zimmerman the functional equivalent of Mr. Basnicki's child. (Mot., ECF No. 9945.)

A long-established framework exists for solatium damages awarded to immediate family members of those who perished in the 9/11 attacks. (*See* Mem. Decision & Order, ECF No. 2623.) In limited circumstances, solatium damages are extended to people who are functionally equivalent to immediate family. (Report at 19.) On October 31, 2016, with refinements on November 17,

2017, this Court adopted a framework for determining if a plaintiff is a functional equivalent of an immediate family member. (*See* R. & R., ECF No. 3363, *adopted by* Mem. Decision & Order, ECF No. 3384; R. & R., ECF No. 3676, *adopted by* Mem. Decision & Order, ECF No. 3795.)[2]

Magistrate Judge Netburn's Report correctly applied the long-established framework to Mr. Gayle's and Ms. Zimmerman's motions seeking solatium damages. (*See* Report at 19–22.) Mr. Gayle submitted a declaration wherein he extensively detailed his relationship with Ms. Khoo. (*See* Decl. of John M. Eubanks, ECF No. 9947, Ex. C (Decl. of Solomon Gayle).)  The Report accurately describes the relationship between Mr. Gayle and Ms. Khoo and considers the relevant factors in evaluating whether their relationship is functionally equivalent to that of spouses. (*See* Report at 20–21.)  Based upon a consideration of "the duration of [their] relationship, the degree of mutual financial dependence and investments in a common life together, the duration of cohabitation and the presence or absence of a formal engagement" (Mem. Of Law in Support of Mot., ECF No. 9946, at 19), this Court concludes that Magistrate Judge Netburn did not commit error, clear or otherwise, in recommending that Mr. Gayle be awarded $12,500,000 as the functional equivalent of Ms. Khoo's spouse. (*See* Report at 21).

Ms. Zimmerman submitted a declaration wherein she extensively detailed her relationship with Mr. Basnicki, her stepfather. (*See* Decl. of John M. Eubanks, ECF No. 9947, Ex. D (Decl. of Erica Zimmerman).)  The Report accurately describes the relationship between Ms. Zimmerman and Mr. Basnicki and considers the relevant factors in evaluating whether their relationship is functionally equivalent to that of parent and child. (*See* Report at 21–22.)  Mr. Basnicki "provided for Erica's every need" and "filled every role in Erica's life that a father would fill" (Mem. of Law

---

[2] This Court has applied this framework on numerous occasions. (*See, e.g.*, ECF Nos. 4175, 5154, 5950, 5951, 8286, 8288, 8289, 8293, 8947, and 9557.)

in Support of Mot., ECF No. 9946, at 24), and Ms. Zimmerman's biological father "spent very little time with [her] while she was growing up" and "ma[de] no meaningful contribution to [her] upbringing." (*Id.* at 24). Therefore, Magistrate Judge Netburn did not commit error, clear or otherwise, in recommending that Ms. Zimmerman be awarded $8,500,000 as the functional equivalent of Mr. Basnicki's child. (*See* Report at 22).

### D.  OTHER PLAINTIFFS

Upon checking the following Plaintiffs' complaints and moving papers, the Court adopts in full Magistrate Judge Netburn's recommendation to deny without prejudice: 1) certain Plaintiffs' request for treble damages pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333; 2) certain Plaintiffs which the Court does not have a record of; and 3) certain anonymous Plaintiffs who have not been properly substituted in this matter. (*See* Report at 19 n.6.)

### V.    CONCLUSION

The *Burnett* Plaintiffs' motion is DENIED in part without prejudice as to Ms. Zheng's wrongful death and survival claims; DENIED in part without prejudice as to certain Plaintiffs' request for treble damages pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333; DENIED in part without prejudice as to Plaintiffs Justin Michael Bennett, Joy Bennett, Angela Elizabeth Rogers, Keith Rogers, Joanna K. Wells; DENIED in part without prejudice as to Plaintiffs Keith Cudmore and Timothy John; and GRANTED in part in all other aspects.  It is

**ORDERED** that service of process was properly effectuated upon the Iran Defendants under 28 U.S.C. § 1608(a)(4) and 28 U.S.C. § 1608(b)(3); and it is

**ORDERED** that this Court has subject matter and personal jurisdiction over the Plaintiffs' state law claims against the Iran Defendants under 28 U.S.C. §§ 1330(a) and 1605B(b); and it is

**ORDERED** that judgments as to liability are entered for the Plaintiffs on their IIED state law claims against the Iran Defendants as described in this Order; and it is

**ORDERED** that judgments as to liability are entered for the Plaintiffs on their wrongful death claims based on New York law against the Iran Defendants as described in this Order; and it is

**ORDERED** that partial final default judgment is entered on behalf of the Plaintiffs identified in Exhibits A, B, and C against the Iran Defendants; and it is

**ORDERED** that the Plaintiff identified in Exhibit A is awarded solatium damages as set forth therein; and it is

**ORDERED** that the Plaintiffs identified in Exhibit B are awarded solatium damages as set forth therein; and it is

**ORDERED** that the Plaintiffs identified in Exhibit C are awarded solatium damages as set forth therein; and it is

**ORDERED** that Plaintiffs receiving solatium damages identified in Exhibits A, B, and C are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is

**ORDERED** that the Plaintiffs identified in Exhibits A, B, and C may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court; and it is

**ORDERED** that Plaintiffs not appearing in Exhibits A, B, and C may submit in later stages applications for damages awards to the extent they have not done so already.

The Clerk of Court is directed close the motions at:

- ECF Nos. 9733, 9945, 10027, and 10045 in 03-md-1570

- ECF No. 700, 746, 780, and 789 in 15-cv-9903

- ECF No. 147 in 19-cv-44

Dated:      MAR 0 3 2025
            ___, 2025
       New York, New York

                              SO ORDERED.

                              _George B. Daniels_
                              GEORGE B. DANIELS
                              United States District Judge

10

# Exhibit A

**EXHIBIT A**
**NON-U.S. NATIONAL SOLATIUM - VIRGINIA IIED**

| Claimant | | | | | 9/11 Decedent | | | | | | | Claim Information | | | Solatium Damages | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | Nationality on 9/11 | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Relationship | Documentation | Prior Award | Amount | Treble |
| Rui | | Zheng | | China | Shuyin | | Yang | | China | 9/11/2001 | VA (AA77) | 9903 | 1:15-cv-09903, 53, at 3530 | | Child | | | $ 8,500,000.00 | |
| Rui | | Zheng | | China | Yuguang | | Zheng | | China | 9/11/2001 | VA (AA77) | 9903 | 1:15-cv-09903, 53, at 3531 | | Child | | | $ 8,500,000.00 | |

# Exhibit B

**EXHIBIT B**
**NON-U.S. NATIONAL SOLATIUM - NEW YORK IIED**

| First | Middle | Last | Suffix | Nationality on 9/11 | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Relationship | Documentation | Prior Award | Amount | Treble |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | **Claimant** | | | | | **9/11 Decedent** | | | | | **Claim Information** | | **Solatium Damages** | | | |
| Maureen | Elizabeth | Basnicki | | Canada | Kenneth | William | Basnicki | | Canada | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3563 | | Spouse | | | $ 12,500,000.00 | |
| Brennan | | Basnicki | | Canada | Kenneth | William | Basnicki | | Canada | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 717, at 1 | | Child | | | $ 8,500,000.00 | |
| Brent | | McIntosh | | Canada | Jane | | Beatty | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3607 | | Child | | | $ 8,500,000.00 | |
| Drew | David | McIntosh | | Canada | Jane | | Beatty | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3608 | | Child | | | $ 8,500,000.00 | |
| Malcolm | P. | Campbell | | United Kingdom | Geoffrey | Thomas | Campbell | | United Kingdom | 9/11/2001 | NY | 9903 | 1:15-cv-09903, 53, at 3157 | | Parent | | | $ 8,500,000.00 | |
| Catherine | Mary | Ross | | United Kingdom | Jeremy | Mark | Carrington | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3558 | | Parent | | | $ 8,500,000.00 | |
| Sarah | Jane | Carrington | | United Kingdom | Jeremy | Mark | Carrington | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3561 | | Sibling | | | $ 4,250,000.00 | |
| Grace | Elizabeth | Friend | | Ireland | Joanne | Mary | Cregan | | Ireland | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3014 | | Sibling | | | $ 4,250,000.00 | |
| Mary | E. | Cregan | | Ireland | Joanne | Mary | Cregan | | Ireland | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3015 | | Parent | | | $ 8,500,000.00 | |
| Selena | Edna Irene | Dack-Forsyth | | Canada | Caleb | Arron | Dack | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 104 | | Parent | | | $ 8,500,000.00 | |
| Helen | K. | Dawson | | United Kingdom | Anthony | Richard | Dawson | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3551 | | Parent | | | $ 8,500,000.00 | |
| David | C. | De Vere | | United Kingdom | Melanie | Louise | De Vere | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3553 | | Parent | | | $ 8,500,000.00 | |
| Ivonne | Pocasangre | Lopez | | El Salvador | Ana | Gloria | deBarrera | | El Salvador | 9/11/2001 | NY (UA175) | 9903 | 1:15-cv-09903, 53, at 3576 | | Sibling | | | $ 4,250,000.00 | |
| Alvaro | | Dominguez | | Australia | Alberto | | Dominguez | | Australia | 9/11/2001 | NY | 9903 | 1:15-cv-09903, 53, at 3519 | | Child | | | $ 8,500,000.00 | |
| Diego | | Dominguez | | Australia | Alberto | | Dominguez | | Australia | 9/11/2001 | NY | 9903 | 1:15-cv-09903, 53, at 3521 | | Child | | | $ 8,500,000.00 | |
| Martha | I. | Dominguez | | Australia | Alberto | | Dominguez | | Australia | 9/11/2001 | NY | 9903 | 1:15-cv-09903, 53, at 3517 | | Spouse | | | $ 12,500,000.00 | |
| Virginia | M. | Dominguez | | Australia | Alberto | | Dominguez | | Australia | 9/11/2001 | NY | 9903 | 1:15-cv-09903, 53, at 3523 | | Child | | | $ 8,500,000.00 | |
| Alberto | | Dominguez | | Australia | Alberto | | Dominguez | | Australia | 9/11/2001 | NY | 9903 | 1:15-cv-09903, 53, at 3518 | | Child | | | $ 8,500,000.00 | |
| Angela | | Ridge | | United Kingdom | Robert | Douglas | Eaton | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3190 | | Sibling | | | $ 4,250,000.00 | |
| Barbara | J. | Stephenson | | United Kingdom | Robert | Douglas | Eaton | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3191 | | Sibling | | | $ 4,250,000.00 | |
| Anna | Maria | Egan | | Canada | Michael | | Egan | | Canada | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 579 | | Spouse | | | $ 12,500,000.00 | |
| Jonathan | Joseph | Egan | | Ireland | Michael | | Egan | | Canada | 9/11/2001 | NY (WTC) | | 1:15-cv-09903, 717, at 3 | | Child | | | $ 8,500,000.00 | |
| Stephan | Joachim | Gerhardt | | Canada | Ralph | | Gerhardt | | Canada | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3502 | | Sibling | | | $ 4,250,000.00 | |
| Hans | J. | Gerhardt | | Canada | Ralph | | Gerhardt | | Canada | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3501 | | Parent | | | $ 8,500,000.00 | |
| Deena | Joan | Gilbey | | United Kingdom | Paul | Stuart | Gilbey | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 1416 | | Spouse | | | $ 12,500,000.00 | |
| Hannah | Jane Emily | Gilbey | | United Kingdom | Paul | Stuart | Gilbey | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 719, at 1 | | Child | | | $ 8,500,000.00 | |
| Colin | Vincent | Gilligan | | United Kingdom | Ronald | L. | Gilligan | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 2061 | | Sibling | | | $ 4,250,000.00 | |
| Victoria | | Blaksley | | Argentina | Pedro | | Grehan | | Argentina | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 1727 | | Spouse | | | $ 12,500,000.00 | |
| Camila | | Grehan | | Argentina | Pedro | | Grehan | | Argentina | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 717, at 4 | | Child | | | $ 8,500,000.00 | |
| Patricio | Brendan | Grehan | | Argentina | Pedro | | Grehan | | Argentina | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 717, at 5 | | Child | | | $ 8,500,000.00 | |
| Sofia | | Grehan | | Argentina | Pedro | | Grehan | | Argentina | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 717, at 6 | | Child | | | $ 8,500,000.00 | |
| Susan | | Jones | | United Kingdom | Christopher | D. | Jones | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 2883 | | Spouse | | | $ 12,500,000.00 | |
| Liat | | Levinhar | | Israel | Shai | | Levinhar | | Israel | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3547 | | Spouse | | | $ 12,500,000.00 | |
| Dening | | Lohez | | China | Jerome | | Lohez | | France | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3509 | | Spouse | | | $ 12,500,000.00 | |
| William | Luke | McNulty | | United Kingdom | Christine | Sheila | McNulty | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3589 | | Sibling | | | $ 4,250,000.00 | |
| Catherine | Ann | McNulty | | United Kingdom | Christine | Sheila | McNulty | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3585 | | Sibling | | | $ 4,250,000.00 | |
| Clive | Desmond | McNulty | | United Kingdom | Christine | Sheila | McNulty | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3586 | | Sibling | | | $ 4,250,000.00 | |
| Helen | Norah | McNulty | | United Kingdom | Christine | Sheila | McNulty | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3587 | | Sibling | | | $ 4,250,000.00 | |
| Michael | Bernard | McNulty | | United Kingdom | Christine | Sheila | McNulty | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3590 | | Sibling | | | $ 4,250,000.00 | |
| Jennifer | Eileen | McNulty-Ahern | | United Kingdom | Christine | Sheila | McNulty | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3588 | | Sibling | | | $ 4,250,000.00 | |
| William | Jorn | Skead | | United Kingdom | Christine | Sheila | McNulty | | United Kingdom | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3584 | | Spouse | | | $ 12,500,000.00 | |
| Tabitha | Belle McNulty | Skead | | United Kingdom | Christine | Sheila | McNulty | | United Kingdom | 9/11/2001 | NY (WTC) | | 1:15-cv-09903, 717, at 7 | | Child | | | $ 8,500,000.00 | |
| Lachman | | Parbhu | | Guyana | Hardai | | Parbhu | | Guyana | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3537 | | Sibling | | | $ 4,250,000.00 | |
| Parboti | | Parbhu | | Canada | Hardai | | Parbhu | | Trinidad and Tobago | 9/11/2001 | NY | 9903 | 1:15-cv-09903, 53, at 3541 | | Sibling | | | $ 4,250,000.00 | |
| Gary | Moshe | Saada | | France | Thierry | | Saada | | France | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3496 | | Sibling | | | $ 4,250,000.00 | |
| Luis | S. | Samaniego | | Paraguay | Carlos | A. | Samaniego | | Paraguay | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3490 | | Sibling | | | $ 4,250,000.00 | |
| Yishai | | Shefi | | Israel | Hagay | | Shefi | | Israel | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3507 | | Sibling | | | $ 4,250,000.00 | |
| Pazit | Shefi | Baum | | Israel | Hagay | | Shefi | | Israel | 9/11/2001 | NY | 9903 | 1:15-cv-09903, 53, at 3506 | | Sibling | | | $ 4,250,000.00 | |
| Ann | | Simpkin | | United Kingdom | Jane | Louise | Simpkin | | United Kingdom | 9/11/2001 | NY (UA175) | 9903 | 1:15-cv-09903, 53, at 3486 | | Parent | | | $ 8,500,000.00 | |
| Britt | | Ehnar | | Sweden | David | | Tengelin | | Sweden | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3534 | | Parent | | | $ 8,500,000.00 | |
| Petra | | Ehnar | | Sweden | David | | Tengelin | | Sweden | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3536 | | Sibling | | | $ 4,250,000.00 | |
| Patric | | Tengelin | | Sweden | David | | Tengelin | | Sweden | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 3535 | | Sibling | | | $ 4,250,000.00 | |

**EXHIBIT B**
**NON-U.S. NATIONAL SOLATIUM - NEW YORK IIED**

| | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lucy | E. | Thompson | United Kingdom | Clive | | Thompson | United Kingdom | 9/11/2001 | NY (WTC) | | 9903 | 1:15-cv-09903, 53, at 1324 | | Spouse | | $ 12,500,000.00 | |
| Maria | Teresa | Rueda De Torres | Columbia | Luis | Eduardo | Torres | Columbia | 9/11/2001 | NY (WTC) | | 9903 | 1:15-cv-09903, 53, at 3404 | | Parent | | $ 8,500,000.00 | |
| Clive | | Hopwood | United Kingdom | Dinah | | Webster | United Kingdom | 9/11/2001 | NY (WTC) | | 9903 | 1:15-cv-09903, 53, at 3286 | | Sibling | | $ 4,250,000.00 | |
| Julia | Ann | Wells | United Kingdom | Vincent | Michael | Wells | United Kingdom | 9/11/2001 | NY (WTC) | | 9903 | 1:15-cv-09903, 53, at 3614 | | Parent | | $ 8,500,000.00 | |
| Birgit | Margarete | Wiswe | Germany | Sigrid | Charlotte | Wiswe | Germany | 9/11/2001 | NY (WTC) | | 9903 | 1:15-cv-09903, 53, at 2875 | | Sibling | | $ 4,250,000.00 | |
| Ajitha | | Vemulapalli | India | Suresh | | Yanamadala | India | 9/11/2001 | NY (WTC) | | 9903 | 1:15-cv-09903, 53, at 3543 | | Spouse | | $ 12,500,000.00 | |
| | | | | | | | | | | | | | | | | $ - | |
| Jean Marc | | Saada | France | Thierry | | Saada | France | 9/11/2001 | NY (WTC) | | 9903 | 1:15-cv-09903, 53, at 3497 | | Parent | | $ 8,500,000.00 | |
| Rudy | | Saada | France | Thierry | | Saada | France | 9/11/2001 | NY (WTC) | | 9903 | 1:15-cv-09903, 53, at 3500 | | Sibling | | $ 4,250,000.00 | |
| Anthony | | Saada | France | Thierry | | Saada | France | 9/11/2001 | NY (WTC) | | 9903 | 1:15-cv-09903, 53, at 3494 | | Sibling | | $ 4,250,000.00 | |
| Cindy | | Saada-Haddad | France | Thierry | | Saada | France | 9/11/2001 | NY (WTC) | | 9903 | 1:15-cv-09903, 53, at 3495 | | Sibling | | $ 4,250,000.00 | |
| Rohy | | Saada | France | Thierry | | Saada | France | 9/11/2001 | NY (WTC) | | 9903 | 1:15-cv-09903, 53, at 3499 | | Sibling | | $ 4,250,000.00 | |
| | | | | | | | | | | | | | | | | $ - | |
| Monica | | Guzman | Columbia | Luis | Eduardo | Torres | Columbia | 9/11/01 | NY | | | 1:15-cv-09903, 53, at 3405 | | Sibling | | $ 4,250,000.00 | |
| Ronald | Patrick | Cregan | Ireland | Joanne | Mary | Cregan | Ireland | 9/11/01 | NY | | | 1:15-cv-09903, 53, at 3016 | | Sibling | | $ 4,250,000.00 | |
| William | C. | Wells | United Kingdom | Vincent | Michael | Wells | United Kingdom | 9/11/01 | NY | | | 1:15-cv-09903, 53, at 3616 | | Sibling | | $ 4,250,000.00 | |
| Joanne | | Cudmore | United Kingdom | Neil | James | Cudmore | United Kingdom | 9/11/01 | NY | | | 1:15-cv-09903, 53, at 3324 | | Sibling | | $ 4,250,000.00 | |

# Exhibit C

**EXHIBIT C**
**NON-U.S. NATIONAL FUNCTIONAL EQUIVALENT**

| Claimant | | | | | 9/11 Decedent | | | | | | | Claim Information | | | Solatium Damages | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | Nationality on 9/11 | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Relationship | Documentation | Prior Award | Amount | Treble |
| Erica | | Zimmerman-Basnicki | | Canada | Kenneth | William | Basnicki | | Canada | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 717, at 2 | | Child | | | $ 8,500,000.00 | |
| Solomon | | Gayle | | Jamaica | Seilai | | Khoo | | Malaysia | 9/11/2001 | NY (WTC) | 9903 | 1:15-cv-09903, 53, at 400 | | Spouse | | | $ 12,500,000.00 | |