## UNITED STATES DISTRICT COURT -- SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Burnett, et al. v. Islamic Republic of Iran*, 1:15-cv-09903 (GBD)(SN)

### DECLARATION OF JOHN F. SCHUTTY, ESQ.
### IN SUPPORT OF MOTION FOR ENTRY OF FINAL
### JUDGMENTS AGAINST IRAN ON BEHALF OF CERTAIN *BURNETT*
### PLAINTIFFS BASED ON WAIVERS OF PUNITIVE DAMAGE CLAIMS

JOHN F. SCHUTTY, ESQ., hereby states under penalty of perjury that:

1.     I am an attorney representing certain *Burnett* Plaintiffs in the above-captioned litigation who are fully described in footnote 1 below.[1]

2.     I submit this Declaration in support of a Motion for the Entry of a Final Judgment against the Islamic Republic of Iran ("Iran") on behalf of various claimants asserting wrongful death claims against Iran arising out of the terrorist acts perpetrated at the World Trade Center on September 11, 2001.  We respectfully ask the Court to resolve the only remaining claim each of these Plaintiffs has left unresolved against Iran – their claim for punitive damages.

3.     I have been retained by the within *Burnett-Munhall-Nilsen* Plaintiffs to pursue wrongful death damages arising out of the deaths of their husbands/fathers.

---

[1]     Claims brought on behalf of the Plaintiffs described herein were part of the original *Burnett* Complaint, styled *Burnett, et al. v. Islamic Republic of Iran, et al.*, filed on December 18, 2015, bearing civil action no. 1:15-cv-09903 (GBD)(SN).  Since these Plaintiffs remain segregated in the consolidated *Burnett* filings under their original civil action number and thus can easily be identified, the within Plaintiffs appearing under the *Burnett* civil action will be referred to hereinafter as the "*Burnett-Munhall-Nilsen* Plaintiffs" (or all collectively as "Plaintiffs herein").  The following *Burnett* Plaintiffs have agreed to waive their punitive damage claims conditionally against Iran in exchange for this Court's immediate grant of Final Judgments (and prejudgment interest) against Iran; the following Plaintiffs are represented on this motion: Susan Munhall, Lauren Munhall, Jennifer Nilsen, Scott Nilsen and Ryan Nilsen.

4.    The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

    a.    The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

    b.    The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-cv-7236 (GBD)(SN) and *Ashton v. Al Qaeda Islamic Army*, 02-cv-6977 (GBD)(SN).

    c.    The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

    d.    The Court's Order dated October 28, 2019 (ECF No. 5236) setting forth the scheduling order.

    e.    The Court's Order dated September 22, 2023 (ECF No. 9355) setting forth the new quality control, motion, declaration and exhibit procedures and paradigms.

5.    In compliance with ECF No. 8198 and 9373, the declarant states the following:

    a.    *The ECF number of the document(s) adding the plaintiffs to the complaint against Iran:* Claims brought against Iran on behalf of the Plaintiffs described herein were part of the original *Burnett* Complaint, styled *Burnett, et al. v. Bin Laden, et al.*, filed on December 18, 2015, bearing civil action no. 15-cv-09903 (GBD)(SN). The personal representatives of each decedent's Estate (Susan Munhall and Jennifer Nilsen) were named in the originally filed Complaints. The children of the decedents were later added to these actions through "Short Form Complaints": (Lauren Munhall (*see* 15-cv-09903 ECF #434 dated June 4, 2020), and Scott Nilsen and Ryan (*see* 15-cv-09903 ECF #482 dated June 23, 2021)).

    b.    *The ECF number of the document(s) determining liability between the plaintiffs and defendant Iran:*

- In the first action (*Havlish*) within this MDL litigation to establish liability against Iran under § 1605A (in 2011), Magistrate Judge Maas determined that Iran could be held liable to wrongful death plaintiffs. MDL ECF #2515 at 47, para. 11.

- On February 18, 2020, Judge George B. Daniels issued an order awarding conscious pain and suffering and economic loss damages against Iran for the Estates of James Munhall and Troy Nilsen. *See* ECF MDL #5975: "Ordered that . . . compensatory damages for conscious pain and suffering [are awarded] in the amount of $2,000,000. . . Ordered that…are awarded economic damages."

- On September 3, 2019 and October 5, 2021, Judge George B. Daniels issued orders awarding damages for solatium (individually: spouse and children) against Iran for the *Burnett-Munhall* plaintiffs. *See* MDL ECF ##5061 and 7188.

- On September 10, 2019 and October 25, 2021, Judge George B. Daniels issued orders awarding damages for solatium (individually: spouse and children) against Iran for the *Burnett-Nilsen* plaintiffs. *See* MDL ECF ## 5138 and 7287.

c. *The cause of action or causes of action for which the plaintiffs seek damages, including whether damages are sought under the FSIA. If damages for multiple causes of action are identical, only the causes of action relevant to the sum of damages sought must be listed:* The Plaintiffs herein have sought damages under the FSIA and applicable state wrongful death law. Each state-authorized heir herein claims solatium damages and punitive damages (now conditionally waived) under the FSIA, in addition to wrongful death damages guaranteed under state law: economic loss damages, damages for the conscious pain and suffering of their decedent family member and prejudgment interest.

d. *If damages are sought based in part on a prior award of damages (e.g., personal injury or economic damages), the case and ECF numbers of that award:* See paragraph 5(b) above and chart attached hereto as Ex. A.

e. *Have damages or liability been sought in part based on a prior entry of default judgment*: Yes, see paragraph 5(b) above and chart attached hereto as Ex. A.

Due Diligence:

6.    The source of information and the basis for belief in the statements contained herein

have been formed by: my representation of these *Burnett-Munhall-Nilsen* Plaintiffs, my work in

connection with the September 11 terror attacks, my firm's files, my conversations with the widows and personal representatives of the Estates of the following 9/11 decedents: James Munhall and Troy Nilsen, as well as other court records relating to the multi-district litigation to which these *Burnett-Munhall-Nilsen* are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

7.      I have verified via written documentation and interviews that the Plaintiffs herein are the only authorized "heirs" of their respective decedents according to applicable state wrongful death law. I have further confirmed that the Plaintiffs herein do not have any pending motion against Iran before this Court for compensation arising out of the September 11 attacks.

8.      This Court has previously entered default judgment damage awards against Iran on behalf of these *Burnett-Munhall-Nilsen* Plaintiffs – complete compensatory damage awards to each of these Plaintiffs in a series of Orders issued by the Court: (MDL ECF # 5975: compensatory damages and economic, ##5061, 7188, 5138, and 7287: solatium damages) due to Iran's non-appearance. In short, all the claims of the Plaintiffs herein against Iran appear to have been previously resolved.[2]

9.      Punitive damages are undeniably recoverable against Iran under the explicit terms of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602–1611, specifically under 28 U.S.C. § 1605A(c)(4).

---

[2]      Several years ago (on October 12, 2012), this Court awarded a Final Judgment against Iran of compensatory damages, plus punitive damages, plus prejudgment interest, to 47 Estates and 106 individual plaintiffs in *Havlish v. bin Laden, et al.*, SDNY Case No. 03-CV-09848. *See* MDL ECF#2624 -- J. Daniels: "This is a final, appealable order [re: Final Judgment Awarding Damages to *Havlish* Plaintiffs Against Iran – a total $1.362 billion in compensatory damages and $3.88 billion in punitive damages to a relatively small subset of 9/11 wrongful death plaintiffs]." *See also Federal Insurance Co., et. al v. al Qaida, et al.*, 03-cv-06978 (GBD) (MDL ECF ##3175, 3229 and 3233) (Final Judgment of over $3 billion issued against Iran to a group of insurance companies with an award of prejudgment interest issued by the Clerk of the Court by entry of MDL ECF #3233).

10.     Here, the issue of punitive damages is the only issue prohibiting the entry of Final Judgments against Iran for these Plaintiffs.

11.     Since the Plaintiffs herein desire a Final Judgment *as soon as possible*, they will now agree, formally and conditionally, to waive their punitive damage claims against Iran in exchange for this Court's grant of a Final Judgment (a Judgment with prejudgment interest – that may be served upon Iran through the U.S. Department of State).  My office has received signed consents from each of the Plaintiffs herein to waive their punitive damage claims against Iran on this formal condition.  This significant group of punitive damage claim waivers shows how anxious these Plaintiffs are to bring their lengthy litigation against Iran to a close.

**Plaintiffs Request That This Court Certify Its Order as Final Under FRCP 54(b)**

12.     Rule 54(b) of the Federal Rules of Civil Procedure authorizes entry of a Final Judgment as to fewer than all claims or parties when the district court "expressly determines that there is no just reason for delay."  MPA at 25.

13.     The Order now requested by the *Burnett-Munhall-Nilsen* Plaintiffs should be certified as a Final Judgment because it will fully dispose of the rights and liabilities of at least one party (Iran) and the entry of a Final Judgment will serve the interests of sound judicial administration and fairness to the litigants.  *Final* here means it will end the litigation on the merits for that claim or party (Iran) as against the within Plaintiffs, leaving nothing for this Court to do but execute the judgment.

14.     The purpose of Rule 54(b) is to avoid injustice in multi-claim actions where a Final Judgment on a separate claim must otherwise await the end of the entire case.  Here, delaying the entry of a Final Judgment would cause these Plaintiffs unnecessary hardship, injustice, or prejudice (*e.g.*, extreme delay).

15.    Prompt entry of judgment is essential for ensuring appellate rights, finality, and efficient judicial administration. The Second Circuit, Supreme Court, and Federal Rules require that judgment be documented and entered swiftly following a dispositive order.

16.    It is for this reason, this Court now should now immediately issue an Order that provides: (a) for the entry of the Final Judgment requested by the moving Plaintiffs, (b) certifies the Order as final pursuant to Fed. R. Civ. P. 54(b), and (c) directs the Clerk of the Court to enter Judgment with an award of prejudgment interest of 4.96 per annum, compounded annually from September 11, 2001 to the date of the Judgment (*see* 03-md-1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3362, entered 10/14/2016். Any other result will continue to inflict delay, hardship and injury upon the within Plaintiffs.

17.    The form of the proposed Order submitted simultaneously herewith therefore conforms to the Court's latter Order.

18.    Accordingly, I respectfully request that this Court grant the Proposed Order submitted simultaneously herewith and that the Clerk of the Court be instructed to prepare Final Judgments against Iran for the Plaintiffs herein with a calculation of appropriate prejudgment interest.

Dated:  February 10, 2026
        New York, New York

                                LAW OFFICE OF JOHN F. SCHUTTY, P.C.

                                By: /s/ *John F. Schutty*
                                    John F. Schutty (JS2173)
                                    445 Park Avenue, 9th Floor
                                    New York, New York 10022
                                    Tel: (646) 345-1441