UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Burnett, et al. v. Islamic Rep. of Iran, et al.*, No. 15-cv-9903 (GBD)(SN); | |

### [PROPOSED] ORDER OF PARTIAL FINAL DEFAULT JUDGMENT ON BEHALF OF THE *BURNETT/IRAN* PLAINTIFF IDENTIFIED AT EXHIBIT A WHO WAS NOT THE IMMEDIATE FAMILY MEMBER OF A 9/11 DECEDENT

### (*BURNETT / IRAN* 48)

This Court granted the *Burnett* Plaintiffs an Order of Judgment by default against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran. *See* ECF No. 3441. The Court has issued numerous judgments addressing the *Burnett/Iran* Plaintiffs' requests for damages. *See e.g.* ECF Nos.[1] 3666, 4023, 4023, 4126, 4146, 4175, 5061, 5062, 5087. 5092. 5104, 5136, 5138, 5151, 5356, 5848, 5918, 5946, 5948, 5949, 5951, 5955, 5957, 5969, 5975, 5979, 6034, 6035, 6037, 6038, 6039, 7188, 7287, and 7494. Here, pursuant to § 1605A of the Foreign Sovereign Immunities Act, Plaintiffs seek an award of solatium damages on behalf of a non-immediate family member[2] of a victim of the terrorist attacks on September 11, 2001. Plaintiffs' motion should be GRANTED.

On July 30, 2012, Magistrate Judge Frank Maas established a framework to award solatium damages to immediate family members of a September 11, 2001 decedent, which this Court adopted on October 3, 2012. *See* ECF No. 2618, *adopted by* ECF No. 2623.) This framework specifically outlined the solatium awards for a decedent's spouse, parent, child, and sibling, and is

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001*, 03 MDL 1570 (GBD)(SN).
[2] Plaintiffs' current motion includes a step-child to an individual killed in the September 11, 2001 terrorist attacks.

as follows:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

*Id.* This Court later detailed a framework for granting solatium damages to non-immediate family members of September 11, 2001 victims, which allows individuals to recover so long as they are "functional equivalents" of immediate family members. *See* ECF No. 3363 at 1, *adopted by* ECF No. 3384; ECF No. 3676, *adopted by* ECF No. 3795.

The framework allows individuals to recover solatium damages when they are "functional equivalents" of immediate family members. ECF No. 3795 at 3. Three general factors guide the Court's analysis, though none is dispositive. First, the Court determines whether the individual resided in the decedent's household long-term. *Id*. at 7. Intermittent or sporadic cohabitation — for example, brief periods of help in times of need, instead of a long-standing, semi-permanent arrangement — is generally insufficient to satisfy this requirement. *Id*.

Second, for individuals in the parent or child role, the Court determines whether the individual played a guardian or custodian-like role in the decedent's life (or vice versa, whether the decedent played such a role in the life of the family member). *Id*. at 7–8. The length of the alleged relationship, and the number of years the child was a minor while the relationship existed, are important considerations in this analysis. *Id*. at 8.

Third, in the case of a parent or child, the Court determines whether the biological family member in question was absent in the decedent's life. *Id*. at 8. For example, a stepmother is less likely to be considered a "functional equivalent" of a (biological) parent if the decedent maintained

close contact with and/or received support from his or her (biological) mother, *even if* they lived in the custody of their stepmother and received significant support from her. *Id.* (emphasis added). On the other hand, if the non-immediate family member was stepping in to play a "functionally equivalent" role because of the death or long-term absence of the biological family member, an award of solatium damages would be more likely. *Id*.

Further, in ECF No. 3384, this Court established additional guidelines for specific classes of individual plaintiffs. Relevant here, stepparents and stepsiblings who became part of the family when the decedent was in early childhood (roughly until the age of eight) may be deemed fully functional equivalent to biological parents or siblings and would be entitled to full solatium damages, and stepchildren who were in the same range when the decedent became part of their family would be deemed fully equivalent to biological children. Stepparents and stepsiblings who became part of the family when the decedent had passed early childhood but was still living in the family home (ages nine and above) may be entitled to solatium damages reduced by one-half, and stepchildren who were in this age range when the decedent became part of the family would receive half damages as well. Stepparents and stepsiblings who became part of the decedent's family when the decedent had nearly finished his secondary education would likely not be deemed functional equivalents of immediate family members and would not be eligible for solatium awards, with the same being true for stepchildren who were this age when the decedent became part of their family. *See* ECF No. 3384 at 15–16.

The Court subsequently affirmed this framework with one clarification — any step-relative receiving solatium damages must demonstrate that they continuously cohabited with the decedent for a significant period of time before the date the claimant (for stepchild claims) or decedent (for

3

stepparent claims) turned 18 and attained the age of majority. This period of time is presumptively at least two years. ECF No. 3795 at 13.

Applying these standards dispassionately, the Court ORDERS as follows:

**ORDERED** that the Court possesses subject-matter jurisdiction over this action and personal jurisdiction over the parties; and it is

**ORDERED** that the Plaintiff identified on Exhibit A has standing to assert a claim for solatium damages; and it is

**ORDERED** that the Plaintiff included on Exhibit A meets the standards set by this Court as a functional equivalent of an immediate family member who was killed in the terrorist attacks on September 11, 2001; and it is

**ORDERED** that the Plaintiff identified on Exhibit A should receive solatium damages in accordance with Exhibit A included with this Order; and it is

**ORDERED** that the Plaintiff identified on Exhibit A should also be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually, in the amount of $_____; and it is

**ORDERED** that the Plaintiff identified on Exhibit A may apply for punitive damages, economic damages, or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue; and it is

**ORDERED** that any *Burnett* Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may still submit applications for solatium and/or economic damages awards.

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 11837 in 03-MDL-1570 (GBD)(SN); ECF No. 1148 in 15-cv-9903 (GBD)(SN).

4

5

Dated: New York, New York                    **SO ORDERED:**

_____, 2026

                                                    _____
                                                    GEORGE B. DANIELS
                                                    United States District Judge